GEORGE MARSH PULVER

*v.*

STATE OF ILLINOIS.

*Opinion filed October 2, 1916.*

1. CONTINGENCY—*happening of may justify refund, when.* If, by the happening of a contingency an interest in an estate is liable to a lesser tax than though the contingency had not happened, then upon the happening of such contingency, a refund should be made, in case the tax has been paid.

2. INTEREST—*when allowed.* Where a tax has been fixed and the same paid and the happening of an event changes the situation of the parties so that a lesser tax would be due, interest will be allowed on the excess paid from date of payment.

Herrick, Allen and Martin, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant was a legatee under the will of Lulu M. Pulver, deceased. The will created a trust estate conveying certain property to Charles L. Allen in trust for the benefit for claimant and Irving Loveridge Pulver until December 8, 1914.

On appraisal for inheritance tax, the value of the interest of claimant was fixed at $2,396.22 and no tax was assessed, and the value of the estate of the trustee was fixed at $48,135.34. This valuation was fixed on the hypothesis that one or the other of the claimants would die before the date of distribution and resulted in allowing to the claimant and his brother together an exemption of $20,000.00, plus the value of the interest as found, $2,396.22, or $22,396.22, and the tax was fixed at $306.35. Claimant and said Irving Loveridge Pulver both lived until December 8, 1914, and under section 25 of the inheritance tax law are entitled to a refund. Each is entitled to a refund of one-half the difference between the effective exemption of $22,396.22 and $40,000.00 which would be the exemption that both together would have. This difference amounts to $17,603.78, and the one-half to which each is entitled is $8,801.89. The tax at one per cent on the interest of each is $88.02, and the tax having been paid within the six months, and deducting a five per cent discount equally, the amount that each should have refunded is $83.62 plus interest from September 30, 1912, the date of payment.

It is accordingly the judgment of this Court that claimant be awarded the sum of $83.02, together with interest at the rate of 3% from September 30, 1912.